ERIKSON LAW GROUP
David Alden Erikson (SBN 189838)
  David@daviderikson.com
S. Ryan Patterson (SBN 279474)
  Ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff
DREAM COLLECTIVE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DREAM COLLECTIVE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MADEWELL, INC., a Delaware corporation; J. CREW, INC., a Delaware corporation; J. CREW GROUP, INC., a Delaware corporation; MAURICE MAX, INC., D/B/A LEE ANGEL, a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dream Collective, Inc. ("Plaintiff" or "Dream Collective") hereby complains against Defendants Madewell, Inc. ("Madewell"); J. Crew, Inc.; J. Crew Group, Inc. (J. Crew, Inc. and J. Crew Group, Inc. are collectively referred to as "J. Crew"); Maurice Max, Inc., d/b/a Lee Angel ("Maurice"); and Does 1 through 10 (referred to collectively as "Defendants"), as follows:

## SUMMARY

1. Plaintiff is small and independent designer. Defendants Madewell and its parent J.Crew have embarked on a campaign to sell copies of Plaintiff's jewelry.

2. Below left is Plaintiff's "Snake Bangle." Below right is a virtually identical knockoff sold by produced by Defendant Maurice, and sold by Madewell.

 

3. Below left is Plaintiff's "Snake Eyes Cuff." Below J. Crew's virtually identical knockoff.

 

4. Because Dream Collective's goods feature high quality materials and workmanship, Defendants are able to sell their mass-produced knockoffs for much lower prices, damaging Plaintiff's sales. More important, Defendants' brazen misappropriation boosts the general appeal of their brands.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form

part of the same case or controversy under Article III of the United States Constitution.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because such state law claims arise out of the same case and controversy as the claims in this action, over which the Court exercises original jurisdiction.

7. This Court has personal jurisdiction over Defendants in that each of the Defendants transact business in the State of California and in this Judicial District, and have offered for sale the infringing products in this District.

8. Defendants J. Crew and Madewell operate retail stores in this District, and sell products directly to California residents through their online stores, including the infringing products.

9. Defendant Maurice conducts regular business in California, and it has distributed and sells products to consumers in California, including the infringing products.

10. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

11. Plaintiff Dream Collective, Inc. is a California corporation that at all relevant times had its principal place of business in Los Angeles, California.

12. On information and belief, Defendant Madewell is a Delaware corporation with its principal executive office at 770 Broadway, New York, NY 10003.

13. On information and belief, Defendant J. Crew, Inc. is a Delaware corporation with its principal executive office at 770 Broadway, New York, NY 10003.

14. On information and belief, Defendant J. Crew Group, Inc. is a Delaware corporation with its principal executive office at 770 Broadway, 12th Floor, New York, NY 10003.

15. On information and belief, Defendant Maurice Max, Inc., d/b/a Lee Angel ("Maurice") is a New York corporation with its principal executive office at 524 Broadway, 6th Floor, New York, NY 10012. On information and belief based on representations of counsel for J. Crew, the Snake Bangle was manufactured by Defendant Maurice.

16. Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of these Defendants when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Each defendant is the alter ego of each of the others.

**FACTS/GENERAL ALLEGATIONS**

17. As shown above, Defendants have produced and/or sold jewelry that is a literal copy of Plaintiff's jewelry.

18. Dream Collective designs and sells original jewelry, as well as other artistic items, at its store in the Silver Lake neighborhood of Los Angeles, and nationally and internationally through its web site and independent stores.

19. Dream Collective first began selling its Snake Bangle in 2012, and continues to do so today. It has consistently been one of Dream Collective's most popular items, and has regularly sold out at third party retailers.

20. Dream Collective has obtained a copyright registration for the graphical elements embodied in the Snake Bangle (the "Snake Bangle Design") US Copyright Registration No. VA0001960869:

[Snake Bangle Design image]

21. Dream Collective first began selling its Snake Eyes Cuff in 2010, and it continues to do so today. This piece—and others that share the same signature elements—is consistently one of Dream Collective's most popular items.

22. In part because stylized snakes are a recurring theme in Dream Collective's jewelry, and in part due to the recognizability of the pieces in general including their overall look and impression, the public associates the Snake Bangle, the Snake Bangle Design and the Snake Eyes Cuff with Dream Collective, and understands their signature elements to be indicators of Dream Collective as the source of those pieces, including by way of signature elements that run through Dream Collective's goods.

23. Recognized elements of the Snake Bangle include:

    a. A cylindrical (i.e. not flat), cuff style bracelet, approximately 1/4 inches in diameter, in the shape of a snake.

    b. Brass color, with a carved design in a contrasting patina (i.e. black color).

    c. A diamond shaped snakehead, with carved mouth, and almond-shaped eyes.

    d. Spotted design behind the snake's head.

    e. Alternating "zigzag" pattern of two chevrons, separated by two rows of spots beginning after the spots at the back of the snake's head, and continuing to approximately 1 inch from the "tail-end" of the snake.

    f. Plain, or undecorated "tail-end" of the snake.

24. Recognized elements of the Snake Eyes Cuff include:

    a.    a flat, cuff style bracelet, approximately 1/4 inches thick.

    b.    A brass color.

    c.    A row of cylindrical shapes, approximately 1/8 inches in diameter, and 1/16 inches in height, evenly spaced across the top quadrant of the cuff.

    d.    White (or colored) enamel "dots" in the center of each cylinder, creating the impression of an inlaid stone.

25. Dream Collective and its jewelry bearing the elements described above have become widely known as the source of exclusive, fashionable, and high quality jewelry.

26. Defendants, without the authorization of Dream Collective, are advertising, selling, distributing, and offering for sale infringing jewelry that bears the Snake Bangle Design, and the signature elements of Dream Collective's Snake Bangle, and Snake Eyes Cuff.

27. The quality of Defendants' jewelry is substantially inferior to that of Dream Collective's.

28. Dream Collective's Snake Bangle sells for $100, and its Snake Eyes Cuff sells for $160. Defendants sell their infringing goods for a fraction of these prices—as low as $24.

29. Dream Collective notified Defendants that their use of signature elements of Dream Collective's jewelry infringes Dream Collective's exclusive rights; however, upon information and belief, Defendants continue to sell infringing jewelry.

30. Upon information and belief, at all relevant times Defendants have had full knowledge of Dream Collective's ownership of and exclusive right to the signature elements embodied in the Snake Bangle, and Snake Eyes Cuff; as well as the graphical elements of the Snake Bangle Design.

31. As a direct and proximate result of Defendants' unlawful actions, Dream Collective has suffered and will continue to suffer irreparable injury.

32. The aforementioned wrongful acts of Defendants constitute intentional wrongful conduct with the intention on the part of Defendants of thereby depriving Dream Collective of property, legal rights or otherwise causing injury and was despicable conduct that subjected Dream Collective to cruel and unjust hardship in conscious disregard of its rights, so as to justify an award of exemplary and punitive damages.

## FIRST CAUSE OF ACTION

## For Violation of the Lanham Act

## Against All Defendants

33. Plaintiff incorporates herein by this reference paragraphs 1 through 32 as if set forth in full in this cause of action.

34. This cause of action arises under 15 U.S.C. §1125(a).

35. Defendants violated the Lanham Act through their advertising, distribution, sale, importation and offering for sale infringing jewelry bearing the signature and recognizable elements of Dream Collective's jewelry (the Dream Collective "Trade Dress").

36. Dream Collective's Trade Dress is non-functional because the elements of the Trade Dress are not essential to the use, purpose, cost or quality of the bracelets and Dream Collective's exclusive use of its Trade Dress would not put competitors at a significant non-reputation-related disadvantage.

37. Defendants' actions constitute infringement of its Trade Dress in violation of Dream Collective's rights under §32 of the Lanham Act, 15 U.S.C. §1125(a).

38. Defendants' actions, as set forth above, constitute a violation of the Lanham Act and other applicable law, insofar as Defendants are knowingly using

Plaintiff's Trade Dress, thereby falsely designating the source of the origin of such goods and raising of likelihood of confusion among the public as to the source of Defendants' goods.

39. Dream Collective has been damaged by Defendants' infringement of its Trade Dress by reason of the likelihood that potential customers have been confused as to the source of Defendants' goods and the relationship of those goods to Dream Collective.

40. Defendants have profited from its infringing use of the Dream Collective Trade Dress.

41. By reason of Defendants' actions alleged herein, Dream Collective has suffered damage to its goodwill and the loss of sales and profits that it would have received but for Defendants' wrongful use of the Dream Collective Trade Dress.

42. On information and belief, Defendants' infringing use of the Dream Collective Trade Dress is willful and done with intentional disregard to Dream Collective's established trademark rights.

## SECOND CAUSE OF ACTION
## For Copyright Infringement
## Against Madewell and Maurice

43. Plaintiff incorporates herein by this reference paragraphs 1 through 42 as if set forth in full in this cause of action.

44. The Snake Bangle Design is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was fixed in a tangible medium of expression, *inter alia*, as described above.

45. At all times since the creation of the Snake Bangle Design, Plaintiff has complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the Snake Bangle Design. Plaintiff has at all times been the owner of all rights, title, and

interest in and to the copyright in the Snake Bangle Design, and has applied for a federal registration from the Register of Copyrights, dated May 8, 2015. The deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form.

46. Subsequent to Plaintiff's use of the Snake Bangle Design and (on information and belief) with full knowledge of the rights of Plaintiff therein, Defendants Madewell and Maurice infringed Plaintiff's copyright by copying, as described above, the artwork and placing such copied images on their goods, and by selling such goods in California, elsewhere in the United States, and abroad.

47. All of Defendants Madewell and Maurice's acts were performed without the permission, license or consent of Plaintiff.

48. By reason of Defendants Madewell and Maurice's acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of their rights and reputations, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court.

49. By reason of their infringement of Plaintiff's copyright as alleged herein, Defendants Madewell and Maurice are liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendants Madewell and Maurice directly or indirectly attributable to such infringement.

50. Plaintiff is entitled to punitive damages as alleged above.

51. Defendants Madewell and Maurice's aforesaid acts of copyright infringement have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing

further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

## THIRD CAUSE OF ACTION

## For Unfair Competition Under California Law

## (Cal. Bus. & Prof. Code §§17200 et seq.)

## Against All Defendants

52. Plaintiff incorporates herein by this reference paragraphs 1 through 51 as if set forth in full in this cause of action.

53. Defendants' wrongful acts as described herein constitute unlawful, unfair, and/or fraudulent business practices in violation of Section 17200 et seq. of the California Business and Professions Code and California common law. These acts and practices undertaken by Defendants violate California Business & Professions Code §17200 in that they are—as described above—unfair, fraudulent, and/or unlawful.

54. Specifically, without limiting the generality of the foregoing, such acts and practices are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of their goods and their association with Dream Collective, and (b) the general public and trade is likely to be confused regarding the business relationship between Dream Collective and Defendants and Defendants' goods.

55. Further, without limiting the generality of the foregoing, the harm to Dream Collective and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

56. Further, without limiting the generality of the foregoing, such acts by Defendants are unlawful in that they violate, *inter alia*, the Lanham Act.

57. Dream Collective has sustained and will continue to sustain serious and irreparable injury to its business and reputation as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Dream Collective is without an adequate remedy at law. Accordingly, Dream Collective is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

58. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received and continue to receive income and profits that they would not have earned but for their unlawful, unfair and deceptive conduct and Dream Collective is entitled to disgorgement of such wrongfully obtained funds.

59. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of its rights, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

**PRAYER**

Wherefore, Plaintiff pray for judgment against Defendants as follows:

1. That Plaintiff be awarded all damages, including future damages, which they have sustained, or will sustain, as a consequence of the acts complained of herein, subject to proof at trial.

2. That Plaintiff be awarded its costs, attorneys' fees and expenses in this action.

3. That Plaintiff be awarded pre-judgment interest.

4. That Plaintiff be awarded exemplary and punitive damages.

5. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors and assigns and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein.

6. That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Professions Code §§ 17200 et seq.

7. For disgorgement of all proceeds, and restitution of the monies wrongfully received by Defendants as a result of their wrongful conduct, and as a result of their unlawful, unfair and deceptive business practices.

8. That Plaintiff have such other and further relief as the Court may deem appropriate.

DATED: October 7, 2015          ERIKSON LAW GROUP

By: _____/SRP/_____
S. Ryan Patterson
Attorneys for Plaintiff Dream Collective, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on its claims on all issues triable by a jury.

DATED: October 7, 2015      ERIKSON LAW GROUP


By:_____/SRP/_____
S. Ryan Patterson
Attorneys for Plaintiff Dream Collective, Inc.

ERIKSON LAW GROUP
200 N. Larchmont Blvd. Los Angeles CA 90004
Tel: (323) 465-3100   Fax: (323) 465-3177