**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
  david@daviderikson.com
S. Ryan Patterson (SBN 279474)
  ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

**COWAN LIEBOWITZ & LATMAN, P.C.**
Eric Shimanoff, Esq. (admitted pro hac vice)
  ejs@cll.com
Thomas J. Kjellberg, Esq. (admitted pro hac vice)
  txk@cll.com
1133 Avenue of the Americas
New York, New York 10036
212.790.9244

Attorneys for Defendants Madewell, Inc., J. Crew, Inc. and J. Crew Group, Inc.

**LAZARUS & LAZARUS, P.C.**
Harlan M. Lazarus, Esq. (admitted pro hac vice)
  hlazarus@lazarusandlazarus.com
240 Madison Ave. 8th Fl.
New York, NY 10016
212.889.7400

Attorneys for Defendant Maurice Max, Inc. d/b/a Lee Angel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DREAM COLLECTIVE, INC., a California corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MADEWELL, INC, a Delaware corporation; J. CREW, INC., a Delaware corporation; J. CREW GROUP, INC., a Delaware corporation; MAURICE MAX, INC. D/B/A LEE ANGEL., a New York Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 15-cv-07871 RSWL-JPR<br>Hon. Ronald S. W. Lew<br><br>**JOINT RULE 26(f) REPORT AND PROPOSED DISCOVERY PLAN**<br><br>Date:     March 15, 2016<br>Time:    10:00 a.m. |

1

Plaintiff Dream Collective, Inc. ("Plaintiff"), and Defendants Madewell, Inc. ("Madewell"); J. Crew, Inc. and J. Crew Group, Inc. (collectively, "Crew"); and Maurice Max, Inc. d/b/a Lee Angel ("Maurice") (Madewell, Crew and Maurice are collectively herein referred to as "Defendants") (Plaintiff and Defendants are collectively herein referred to as the "Parties"), hereby submit the following Joint Rule 26(f) Report and proposed Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

## I. NATURE AND BASIS OF CLAIMS AND DEFENSES

### A. Plaintiff's Allegations

Plaintiff alleges that Defendants Madewell and Crew, two affiliated companies, marketed and sold copies of pieces created by Plaintiff, constituting copyright and trademark infringement.

### B. Defenses

Defendants deny Plaintiff's allegations in the Complaint; including the claim that Plaintiff has a valid copyright for the "Snake Bangle," that the goods offered for sale by Defendants are substantially similar to protectable elements of Plaintiffs' copyrighted design, or that Defendants had access to Plaintiff's claimed original design. Any alleged use of the protectable elements within Plaintiff's "Snake Bangle Design" (as defined in the Complaint) is, at most, de minimis and therefore not actionable. Defendants contend that Defendant Maurice had the right to purchase and sell the disputed goods subject of this action. Defendants acted in a commercially reasonable and lawful manner. Defendants further dispute and deny Plaintiff's trade dress allegations concerning both the Snake Bangle and Snake Eyes Cuff. Plaintiff does not have trade dress rights in the Snake Bangle and Snake Eyes Cuff, nor is there a likelihood of consumer confusion. Plaintiff also has not been damaged in any way by Defendants' alleged actions.

Defendants anticipate the following legal issues in this case:

1. Whether Plaintiff owns a legally valid copyright for the Snake Bangle;
2. Whether Plaintiff has trade dress rights in the Snake Bangle and/or Snake Eyes Cuff;
3. The scope of Plaintiff's claimed copyright and trade dress;
4. Whether Defendants are liable to Plaintiff for copyright infringement;
5. Whether Defendants are liable to Plaintiff for trade dress infringement and any related claims;
6. Whether and to what extent Defendants are liable to Plaintiff for any damages;
7. Whether injunctive relief is appropriate in this case;
8. Any and all of Defendants' affirmative defenses.

## II. POSSIBILITY FOR PROMPT SETTLEMENT OR A SOLUTION

The Parties are continuing to explore informal settlement negotiations, and have agreed to mediate this dispute through a panel arbitrator. The Parties agree that the Court ordered mediation shall be completed on or before May 13, 2016, provided the Parties can appear telephonically at the mediation. If the panel arbitrator does not consent to telephonic appearances, then the Parties agree that mediation shall be completed no later than 45 days prior to the final pretrial conference, consistent with Civil L.R. 16-15.2.

## III. ISSUES REGARDING PRESERVATION OF DISCOVERABLE INFORMATION

The Parties do not anticipate at this time any issues regarding the preservation of discoverable information, but will work in good faith to resolve any issues that do arise.

## IV. DISCOVERY PLAN

### A. Timing of Rule 26(a) Disclosures

The Parties propose that the initial disclosures required under rule 26(a) will

be made on May 2, 2016.

### B. Disclosure or Discovery of Electronically Stored Information

The Parties do not presently anticipate any issues relating to disclosure or discovery of electronically stored information, but will work in good faith to resolve any issues that do arise.

### C. The Subjects on Which Discovery May Be Needed, Discovery Cut-off, and Whether Discovery Should Be Conducted in Phases

Discovery need not be limited nor conducted in phases.

The Parties jointly propose that the following discovery dates:

- May 2, 2015: Initial Disclosures deadline.
- May 13 to October 13: Fact discovery.
- November 30: Expert disclosures deadline.
- January 13, 2017: Rebuttal expert disclosures deadline.
- March 24, 2017: Expert depositions deadline.

### D. Claims of Privilege or of Protection of Trial Preparation Material

The Parties do not presently anticipate any issues relating to claims of privilege or of protection of trial preparation materials. However, if such issues arise, the Parties reserve their rights to assert them as necessary.

### E. Changes in Limitations on Discovery

The Parties do not presently anticipate that any changes in the limitation on discovery should be made.

### F. Any Other Orders that Should Be Entered by the Court under Rule 26(c) or Rule 16(b)

The Parties presently do not envision any orders that should be entered by the Court under Rule 26(c) or Rule 16(b).

## V. COMPLEXITY

The Parties do not believe this is a complex case given the limited number of

parties and claims involved.  Hence, the Parties believe that the Manual for Complex Litigation should not be used.

## VI. MOTION SCHEDULE

The Parties do not anticipate motion practice prior to the end of discovery, except that one or more of Defendants may file a Rule 12(c) motion for judgment on the pleadings concerning one or more of Plaintiff's claims, including its trade dress claims. The Parties propose that any dispositive motions shall be brought no later than April 2017 pursuant to a mutually agreed-upon schedule. Defendants anticipate filing a Motion for Summary Judgment after discovery is concluded.

## VII. TRIAL ESTIMATE

Plaintiff anticipates that the trial will probably last 5 court days.

## VIII. LIKELIHOOD OF OTHER PARTIES APPEARING

At this juncture, the Parties do not anticipate additional parties may appear in this action; and propose a deadline of July 1, 2016 for adding new parties.

All undersigned parties concur in the content of this Report, and have authorized its filing.

Dated: March 1, 2016        ERIKSON LAW GROUP

/s/
David Alden Erikson
Attorneys for Plaintiff Dream Collective, Inc.

Dated: March 1, 2016        COWAN LIEBOWITZ & LATMAN

/s/
Eric J. Shimanoff
Attorneys for Defendants Madewell, Inc.; J. Crew, Inc.; J. Crew Group, Inc.

Dated: March 1, 2016        LAZARUS & LAZARUS

/s/
_____
Harlan M. Lazarus

Attorneys for Defendant Maurice Max, Inc.
d/b/a Lee Angel